## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **THINKTANK ONE RESEARCH, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 2:15-cv-389-JRG-RSP |
| | § | |
| **ENERGIZER HOLDINGS, INC.** | § | **Jury Trial Demanded** |
| | § | |
| **Defendant.** | § | |

### ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Energizer Holdings, Inc. ("EHI") answers Plaintiff ThinkTank One Research, LLC.'s ("ThinkTank") Complaint, Dkt. No. 1 as follows:

### NATURE OF ACTION

1. EHI admits that ThinkTank alleges, in this action, that EHI infringes United States Patent No. 8,299,726 ("the '726 patent" or "the Patent-in-Suit").  EHI denies, however, that it has committed any acts of patent infringement.  EHI further denies that ThinkTank is entitled to any injunctive relief.  EHI denies any remaining allegations in Paragraph 1.

### PARTIES

2. EHI is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. EHI denies that it manufactures and/or sells Light Emitting Diode products including but not limited to, the Light Fusion line of LED lighting products and EHI LED Camera Lights. EHI admits the remaining allegations contained in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. EHI admits that this action has been characterized by ThinkTank as arising under

the patent laws of the United States, Title 35, United States Code.  EHI admits that this Court has subject matter jurisdiction over a cause of action arising under the Patent Act pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.  EHI denies, however, that ThinkTank has set forth any meritorious cause of action and further denies that it has committed any acts of patent infringement.  EHI denies any remaining allegations in Paragraph 4.

     5.     EHI admits that it has a website that is accessible from the State of Texas and the Eastern District of Texas.  EHI denies it has committed any acts of patent infringement in the State of Texas or elsewhere.  EHI denies the remaining allegations in Paragraph 5.  For the purposes of this litigation only, however, EHI does not contest personal jurisdiction.

     6.     EHI denies it has committed any acts of patent infringement in the State of Texas, this District, or elsewhere.  ThinkTank's allegation that according to LinkedIn, EHI employs personnel within the State of Texas is vague and ambiguous as to its meaning and/or basis; consequently, EHI is without knowledge or information sufficient to form a belief regarding this allegation and therefore denies the same.  EHI denies the remaining allegations in Paragraph 6.  For the purposes of this litigation only, however, EHI does not contest personal jurisdiction.

     7.     EHI denies that venue is proper in this District or that this venue is the most convenient for the parties or witnesses.  EHI denies that it has committed any act of patent infringement, and further, denies the remaining allegations in Paragraph 7.

## COUNT I

EHI repeats and incorporates by reference each of its responses to Paragraphs 1 through 7 above.

     8.     EHI admits that U.S. Patent No. 8,299,726 ("the '726 patent"), on its face is titled, "Omni Voltage Direct Current Power Supply," and that the date of the patent is October 30,

2012.  EHI admits that an uncertified copy of the '726 patent is attached to the Complaint as Exhibit A.  EHI denies that the '726 patent was duly and legally issued by the United States Patent and Trademark Office.

9. EHI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies the same.

10. EHI denies the allegations in Paragraph 10.

11. EHI denies the allegations in Paragraph 11.

12. EHI denies the allegations in Paragraph 12.

13. EHI denies the allegations in Paragraph 13.

14. EHI denies the allegations in Paragraph 14.

### DEMAND FOR JURY TRIAL

ThinkTank's purported request for a trial by jury does not require a response.

### PRAYER FOR RELIEF

EHI denies that ThinkTank is entitled to any relief from EHI in connection with ThinkTank's Complaint, including, without limitation, the allegations of Paragraphs 8-14 above, and the relief specified in paragraphs A through E of the Prayer for Relief.

### AFFIRMATIVE DEFENSES

EHI pleads the following affirmative defenses to ThinkTank's Complaint.  EHI reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.  Without admitting or acknowledging that EHI bears the burden of proof as to any of the following, EHI asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

EHI has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '726 patent. EHI has not contributed to infringement by others or induced others to infringe any valid and enforceable claim of the '726 patent.

**SECOND AFFIRMATIVE DEFENSE**

On information and belief, one or more claims of the '726 patent are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

ThinkTank's claims for alleged infringement of the '726 patent are barred, in whole or in part, by laches, estoppel (*e.g.*, prosecution history estoppel, judicial estoppel, etc.), prosecution disclaimer, and/or any other equitable defense that may result in any just and proper relief.

**FOURTH AFFIRMATIVE DEFENSE**

ThinkTank's recovery of damages and costs for the '726 patent is limited pursuant to 35 U.S.C. §§ 286, 287, 288, and/or 28 U.S.C. § 1928.

**FIFTH AFFIRMATIVE DEFENSE**

ThinkTank is not entitled to injunctive relief.

**SIXTH AFFIRMATIVE DEFENSES**

ThinkTank's Complaint fails to state any claim upon which relief may be granted.

WHEREFORE, EHI respectfully requests that judgment be entered in favor of EHI and against ThinkTank; that ThinkTank's Complaint be dismissed with prejudice; and that EHI be

awarded its costs and attorneys' fees and such other legal and equitable relief as the Court may deem proper and just.

## COUNTERCLAIMS

Energizer Holdings, Inc. ("EHI"), for its Counterclaims against ThinkTank One Research, LLC.'s ("ThinkTank") alleges the following. EHI reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

## THE PARTIES

1.   EHI is a corporation organized and existing under the laws of the State of Missouri and having a place of business in St. Louis, Missouri.

2.   On information and belief, ThinkTank Resources, Inc. is a corporation organized and existing under the laws of the State of Texas and having its principal place of business at 555 Republic Drive, 2nd Floor, Plano, Texas 75074.

## JURISDICTION AND VENUE

3.   This is a counterclaim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 arising from a controversy between EHI and ThinkTank concerning the infringement and validity of United States Patent No. 8,299,726 ("the '726 patent"), which is the subject of ThinkTank's Complaint.

4.   This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202 and pursuant to 28 U.S.C. § 1338.

5.   This Court has personal jurisdiction over ThinkTank because ThinkTank has submitted to the jurisdiction of this Court by filing its Complaint herein.

6.   To the extent this Court retains venue over the matter ThinkTank has filed, venue for these counterclams is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

7. An actual controversy exists between EHI and ThinkTank concerning the '726 patent, in that ThinkTank has filed a Complaint in this Court alleging infringement of the asserted patent by EHI.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '726 PATENT

8. EHI realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-7 of the Counterclaim.

9. The asserted claims of the '726 patent are invalid for failing to satisfy one or more of the requirements for patentability set forth in the patent laws of the United States Code, including but not limited to, 35 U.S.C. §§ 101 *et seq.*

10. EHI is entitled to a declaratory judgment that the claims of the '726 patent are invalid.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '726 PATENT

11. EHI realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-10 of the Counterclaim.

12. EHI has not infringed, and is not infringing, either literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the '726 patent.

13. EHI is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid claim of the '726 patent.

## JURY DEMAND

14. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, EHI demands a jury trial on all issues so triable.

## **PRAYER**

WHEREFORE, EHI prays that judgment be entered against ThinkTank in connection with its Complaint and in favor of EHI as follows:

A. Dismissing with prejudice any and all claims against EHI set forth by ThinkTank in the Complaint;

B. Denying all claims for relief requested by ThinkTank against EHI, including all claims for damages, interest, costs, expenses, and attorneys' fees;

C. Declaring that the claims of the '726 patent are invalid;

D. Declaring that EHI has not infringed, and is not infringing, any valid claim of the '726 patent;

E. Finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and awarding to EHI its costs and reasonable attorneys' fees incurred in connection with this action; and

F. Granting to EHI such other and further relief as the Court may deem just and proper.

Dated:  May 29, 2015

Respectfully submitted,

  /s/ *Melissa R. Smith*
Melissa Richards Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257
melissa@gillamsmithlaw.com

B. Trent Webb
Chris Dove
Brittany Boswell
**SHOOK, HARDY & BACON, LLP**

        2555 Grand Boulevard
        Kansas City, Missouri 64108-2613
        Telephone:  816.474.6550
        Facsimile:  816.421.5547
        bwebb@shb.com
        cdove@shb.com
        bboswell@shb.com

David Morehan
**SHOOK, HARDY & BACON, LLP**
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002-2992
Telephone: 713.227.8008
Facsimile: 713.227.9508

*Attorneys for Defendant*
*Energizer Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

        /s/ *Melissa R. Smith*
        Melissa R. Smith