**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| THINKTANK ONE RESEARCH, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:15-cv-389-JRG-RSP |
| ENERGIZER HOLDINGS, INC. | § § | **Jury Trial Demanded** |
| Defendant. | § § | |

**ENERGIZER HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF OHIO**

ThinkTank's opposition to EHI's motion to transfer venue begins by falsely accusing EHI of a "lack of candor" and finishes by contending that the Judges of the Northern District of Ohio are not competent to preside over a patent litigation case. These allegations are false and irrelevant. More importantly, they do not change the inescapable conclusion that this case should be transferred to the Northern District of Ohio. Nearly all of EHI's possible witnesses are located in the Northern District of Ohio. Any relevant technical documents also are located in, or accessible from, the Northern District of Ohio. Indeed, EHI has *no* documents, offices, or employees in the Eastern District of Texas.

ThinkTank's alleged ties to the Eastern District of Texas are the result of a transparent effort to manufacture venue – a practice repeatedly rejected by the Federal Circuit. ThinkTank's principal place of business is a "Virtual Office." The inventor who allegedly resides in the District practices law in the state of Oklahoma and signed a real estate deed barely a month ago. The Court should transfer this case to Northern District of Ohio.

**I.     This Case Should Be Transferred To the Northern District of Ohio.**

As a threshold matter under § 1404(a), ThinkTank concedes that this case could have been brought in the Northern District of Ohio. Further, this case should be transferred because the majority of the evidence and witnesses reside there, and Ohio has a greater local interest.

**A.     Most of the Evidence Is Present in the Northern District of Ohio.**

ThinkTank concedes that the first factor under § 1404(a)—access to evidence—turns on which venue contains the greater volume of documents relevant to the litigation. EHI was clear in its opening brief that: EHI "does not maintain offices, employees, or documents in the Eastern District of Texas"; all documents related to the research, design, and development of the accused LED Folding Lantern are either located in Westlake, OH or accessible from that location, while

1

being stored on servers in Hong Kong; and seven members of the Light Fusion product team are located in Westlake, Ohio, with two other members based in Hong Kong.[1]

In other words, the majority of that documentary and testamentary evidence is located in the Northern District of Ohio.  By contrast, *none of that evidence* is located in the Eastern District of Texas.  ThinkTank's attempt to distinguish *Genentech* and *Nintendo* skips over the Federal Circuit's primary focus on the location of the witnesses and evidence.  The Court stated: "The court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by plaintiff, the trial court should grant a motion to transfer."  *Nintendo*, 589 F.3d at 1198.  This is particularly true where a plaintiff attempts to manufacture a local interest.

### 1. ThinkTank's "Connections" to this District Should be Given No Weight.

The Federal Circuit has repeatedly rejected plaintiffs' attempts to manufacture connections to a venue for purposes of litigation.  For example, in *In re Microsoft*, the Court granted mandamus over a denial of transfer where the plaintiff claimed to have moved documents to a virtual office in an attempt to establish venue:

> the *transfer of documents to a company's offices in anticipation of litigation* rather than to litigation counsel was a distinction without a difference for purposes of a § 1404(a) analysis.  We further explained that, similar to Allvoice's offices here, the offices in *Zimmer staffed no employees, were recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue*.  The *only added wrinkle is that Allvoice took the extra step of incorporating under the laws of Texas sixteen days before filing suit. But that effort is no more meaningful, and no less in anticipation of litigation, than the others we reject*.

*In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011) (emphasis added).  Similarly, in *In re Hoffman-La Roche*, the Federal Circuit ruled that the case should be transferred where the plaintiff, in anticipation of litigation, moved documents to its litigation counsel in Texas.  587

---

[1] Spartano Decl. at ¶¶ 8, 5, 6.

F.3d 1333, 1337 (Fed. Cir. 2009). The Court explained that "the assertion that these documents are "Texas" documents is a fiction which appears to have been created to manipulate the propriety of venue." *Id.*

Here, ThinkTank has employed similarly rejected tactics to manipulate venue. ThinkTank's "principal place of business" is advertised as a "Virtual Office" with no advertised document storage capabilities. (Ex. 22.) ThinkTank was formed in Texas on April 21, 2014, a mere 15 days before it filed its first case in this District. (Ex. 16). ThinkTank claims an inventor resides in the district, but public records show that Mr. Holmes did not sign the deed for property in Plano, Texas until May 6, 2015, well after this lawsuit was filed. (Ex. 23). Moreover, Mr. Holmes is still listed as Of Counsel in the Tulsa, Oklahoma office of a law firm. The firm website says that he "returned to Oklahoma from California" in July 2013, and his biography does not list Texas as state where he is admitted to practice law. (Exs. 3 & 24). ThinkTank claims that it moved its documents to this District. But, as explained above, the Federal Circuit has repeatedly rejected this practice as an attempt to manipulate venue. In addition, ThinkTank's documents and single witness pale in comparison to the volume of documents and witnesses that reside in the Northern District of Ohio. This factor weighs heavily in favor of transfer.

    **2.**  **ThinkTank's Accusations Regarding EHI's "Candor" Are Improper.**

ThinkTank's accusation that EHI has displayed a "lack of candor" toward this Court is careless and improper. ThinkTank cites to *Rockstar Consortium*, in which this Court denied a transfer motion because Google "*does not appear to offer any evidence* regarding the location of its relevant documents or infrastructure"; "*says nothing of its Dallas location*"; and provides *no clear identification* of where its witnesses …are located." *Rockstar Consortium US LP v. Google, Inc.*, 2:12-cv-893, Dkt. 165 at 5 (E.D. Tex. Sept. 23, 2014) (emphases added). These

3

conclusions stand in stark contrast to EHI's briefing papers.  As detailed above, EHI made clear the location of relevant documents, witnesses, and offices—none of which are in Texas.

ThinkTank further misconstrues § 1404 by accusing EHI of not identifying the number and relevance of its documents, and then claiming that it would need only "hundreds of pages" of manufacturing documents.  A case should be transferred where the "documents and physical evidence" are located elsewhere.  *In re Volkswagen II*, 545 F.3d at 316.  The question is where the evidence is located; not the itemized identification of the relevance of each piece of evidence or ThinkTank's guess regarding the volume of documents it ultimately will use to prove its case.

### B.     It Would Cost Much More for Witnesses to Attend Trial Outside of Ohio.

EHI has identified seven employees that are responsible for the research, design, and development of the accused Light Fusion product line and that work from the Ohio facility.[2]  In contrast, ThinkTank identifies a single witness within the Eastern District of Texas, who apparently also maintains a law practice in Tulsa, Oklahoma.[3]  (Ex. 3.)  Thus, the comparative burden weighs in favor of transfer.

### C.     Ohio Has a Greater Local Interest in this Case.

ThinkTank's "connections" to Texas are the result of very recent actions taken for the purposes of manipulating venue in anticipation of litigation.  The existence of a "virtual office," where no apparent design or manufacturing occurs, and that is, at best, staffed part-time by individuals who also live in either California or Oklahoma does not create significant

---

[2] ThinkTank also inaccurately states that Brian Hamm is located in Kansas City, when he is actually located in St. Louis.  Even were it true, it would not create any connections to Texas.

[3] In a further attempt to manufacture a connection to this District, ThinkTank attaches a LinkedIn profile for Kimberly Roban, who lists her location in the "Dallas/Fort Worth Area."  Her profile states that she is no longer an EHI employee and was "Brand Manager – EHI Lighting Products" for *one year*.  In no way can Ms. Roban be considered a key witness in this case, as she has no knowledge relevant to the subject matter of this suit.

connections. By comparison, the Global Technology Center for EHI is located in Ohio.[4] At least seven employees work at the Global Technology Center in Ohio in connection with the research, design, and development of the accused Light Fusion product line.[5] The Northern District of Ohio has a greater local interest in this litigation.

**II.     ThinkTank's Arguments Regarding the Competence of the Judges of the Northern District of Ohio Are Inaccurate, Unverifiable, and Irrelevant to Transfer of Venue.**

ThinkTank argues against transfer because the Judges in the Northern District of Ohio are more likely to commit reversible error. The supposed evidence for this brazen argument is ThinkTank's completely unverifiable and inadmissible "statistics" regarding Federal Circuit reversals. ThinkTank supposedly compiled these statistics, but does not identify the actual cases or how they were interpreted or otherwise verify the accuracy of the conclusions. Further, ThinkTank relies only on claim construction as a decision point rather than other substantive decisions such as rulings on patent validity.[6] ThinkTank is asking this Court to find that the Judges of the Northern District of Ohio are not capable of presiding over a patent litigation case. To the contrary, Judge in the Northern District of Ohio routinely handle patent litigaiton cases, and they have adopted their own Local Patent Rules.

**III.    CONCLUSION**

For the foregoing reasons, this case should be transferred to the Northern District of Ohio.

---

[4] Spartano Decl. at ¶ 3.
[5] *Id.*
[6] *See, e.g., MRC Innovations, Inc. v. Hunter MFG LLP*, 747 F.3d 1326 (Fed. Cir. 2014) (affirming ruling of patent invalidity by J. Gaughan, Northern District of Ohio).

| | |
|---|---|
| Dated:  June 26, 2015 | Respectfully submitted, |
| | |
| |   */s/ B. Trent Webb* |
| | B. Trent Webb |
| | Chris Dove |
| | Brittany Boswell |
| | SHOOK, HARDY & BACON, LLP |
| | 2555 Grand Boulevard |
| | Kansas City, Missouri 64108-2613 |
| | Telephone:  816.474.6550 |
| | Facsimile:  816.421.5547 |
| | bwebb@shb.com |
| | cdove@shb.com |
| | bboswell@shb.com |
| | |
| | David Morehan |
| | SHOOK, HARDY & BACON, LLP |
| | JPMorgan Chase Tower |
| | 600 Travis Street, Suite 3400 |
| | Houston, Texas 77002-2992 |
| | Telephone: 713.227.8008 |
| | Facsimile: 713.227.9508 |
| | |
| | Melissa Richards Smith |
| | GILLAM & SMITH, LLP |
| | 303 South Washington Avenue |
| | Marshall, TX 75670 |
| | Telephone: 903.934.8450 |
| | Facsimile: 903.934.9257 |
| | melissa@gillamsmithlaw.com |
| | |
| |   *ATTORNEYS FOR DEFENDANT ENERGIZER HOLDINGS, INC.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                                         */s/ Melissa R. Smith*
                                                                          Melissa R. Smith