IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THINKTANK ONE RESEARCH, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. M-15-0389 |
| ENERGIZER HOLDINGS, INC., | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the Motion to Transfer Venue [Doc. # 17], filed by Defendant Energizer Holdings, Inc. ("EHI"), seeking transfer of this lawsuit to the United States District Court for the Northern District of Ohio, located in Cleveland, Ohio. Plaintiff ThinkTank One Research, LLC ("ThinkTank") filed an Opposition [Doc. # 21], and EHI filed a Reply [Doc. # 24].[1] Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Transfer Venue.

### I. BACKGROUND

Plaintiff is the owner of United States Patent No. 8,299,726 ("the '726 Patent") entitled "Omni Voltage Direct Current Power Supply." The patented invention relates

---

[1] The Court has not considered Plaintiff's Sur-Reply [Doc. # 25], which was filed without leave of court or consent of opposing counsel.

to a battery operated LED lighting apparatus. Plaintiff filed this lawsuit alleging that Defendant EHI manufactures and sells lighting products that infringe the claims in the '726 Patent.

EHI, is a Missouri corporation with its principal place of business in St. Louis, Missouri. EHI maintains a Global Technology Center in Westlake, Ohio. Based on the location of the Global Technology Center, EHI filed a Motion to Transfer Venue, seeking transfer of this case pursuant to 28 U.S.C. § 1404(a) to the Northern District of Ohio. The Motion has been fully briefed and is now ripe for decision.

## II. MOTION TO TRANSFER VENUE

### A. General Legal Principles Governing § 1404(a) Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[2] or to any district or division to which all parties have consented." *In re Radmax, Ltd.*, 720 F.3d 285, 287-88 (5th Cir. 2013) (quoting 28 U.S.C. § 1404(a)). The moving defendant has the burden to prove that the Court should exercise its discretion to transfer the case to a different venue. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Z-Tel Comms., Inc. v. SBC Comms.,*

---

[2] It is undisputed that this case could have been brought in the Northern District of Ohio.

*Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004). The defendant may not rely on unsupported assertions regarding the convenience factors, but "must properly establish relevant venue facts" by presenting evidence in support of transfer. *Id.* at 571. The ultimate decision whether to transfer a case pursuant to § 1404(a) is within the sound discretion of the district court. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Z-Tel*, 331 F. Supp. 2d at 571.

### B. Plaintiff's Choice of Venue

In this case, Plaintiff is a Texas corporation with its principal place of business in Plano, Texas, located in the Eastern District of Texas, where the suit is pending. A plaintiff's choice of its home venue is entitled to deference. *See Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690-91 (S.D. Tex. 2010). In the Fifth Circuit, a plaintiff's choice of venue is not a separate factor in the § 1404(a) analysis, but the importance of a plaintiff's choice is taken into account by the significant burden placed on the movant to show good cause for the transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (*en banc*). Unless the proposed transferee venue is clearly more convenient than the plaintiff's chosen venue, "the plaintiff's choice should be respected." *Id*. at 315. A case should not be transferred to a different venue if the transfer merely shifts the inconvenience from the defendant to the plaintiff. *See Salinas v. O'Reilly Automotive*, 358 F. Supp. 2d 569,

571-72 (N.D. Tex. 2005); *Keifer v. Paschall Truck Lines, Inc.*, 2015 WL 1888263, *3 (S.D. Tex. Apr. 24, 2015). Therefore, a motion to transfer venue pursuant to § 1404(a) should be granted only if the movant demonstrates that the proposed transferee venue is clearly more convenient. *See Radmax*, 720 F.3d at 288.

    C.    <u>**Private Interest Factors**</u>

When deciding whether to transfer a case to a different venue pursuant to § 1404(a), the Court considers certain private and public factors. *See In re Volkswagen*, 545 F.3d at 315. The private interest factors to be considered are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (5th Cir. 2009) (quoting *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)).

Regarding the relative ease of access to sources of proof, EHI submitted the affidavit of David A. Spartano, its Director of Research and Development for Devices and Lighting products. Spartano states that except for documents located with "foreign personnel," EHI's relevant documents are located at EHI's Global Technology Center in Westlake, Ohio, *or* "stored on servers in EHI's Hong Kong Location." *See* Spartano Aff., ¶ 5. There is no information regarding the relative

volume of documents in Ohio compared to the documents stored on servers in Hong Kong. ThinkTank has presented evidence that all of its relevant documents are located in its office in the Eastern District of Texas. *See* Declaration of Fred H. Holmes, ¶ 3. Documents stored electronically in Westlake, Plano, or Hong Kong can be transferred as easily to Marshall, Texas, as to Cleveland, Ohio. Any documents stored in a non-electronic format will, if relevant to this lawsuit, need to be copied during discovery and can be transported easily to the Eastern District of Texas. As a result, this factor does not weigh in favor of transfer. *See Z-Tel*, 331 F. Supp. 2d at 576.

Regarding compulsory process and cost for witnesses, EHI has identified seven employees who work in the Global Technology Center, but there is no representation that all of these employees are likely to be called as witnesses at trial. "As the party seeking transfer, [EHI] must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Z-Tel*, 331 F. Supp. 2d at 574. EHI has also identified two employees in Hong Kong, and has stated that employees "responsible for the marketing and sales of EHI's Light Fusion product line are located at EHI's headquarters in St. Louis, Missouri." *See* Spartano Aff., ¶¶ 6-7. EHI has identified a potential third party witness, S. Bower, who lives in New York.

In response, ThinkTank has presented evidence that the first named inventor on the '726 Patent, who is also a co-founding member of the company, is a resident of the Eastern District of Texas. *See* Holmes Delaration, ¶ 2. Two other members of ThinkTank reside in California, but travel regularly to Texas. *See id.*, ¶ 4. ThinkTank has identified two non-party witnesses, an industry consultant in Austin, Texas, and an electronics expert in Norman, Oklahoma. Both are willing witnesses and would not require compulsory process.

It is more convenient for EHI's witnesses in Ohio to travel to Cleveland, and it is more convenient for ThinkTank's witnesses in Texas and Oklahoma to travel to Marshall than to Cleveland. It is inconvenient for witnesses located elsewhere to travel to either venue. As noted above, transfer pursuant to § 1404(a) is inappropriate when it merely shifts the inconvenience from the defendant to the plaintiff. EHI has failed to demonstrate that the Northern District of Ohio is clearly more convenient for potential witnesses and sources of proof than the Eastern District of Texas.

### D. Public Interest Factors

The public interest factors to be considered in the § 1404(a) analysis are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of

conflict of laws or in the application of foreign law." *Id.* Although both districts suffer from court congestion and both are familiar with patent law, it is unlikely that the case could be handled more expeditiously in Ohio than here. This district has a significant interest in protecting the intellectual property rights of its residents. Neither party has identified any problems of conflict of laws or application of foreign laws in this case, and certainly none that could be avoided by transfer to the Northern District of Ohio. As a result, consideration of the public interest factors does not demonstrate that the Northern District of Ohio is clearly more convenient than the Eastern District of Texas.

### III.  CONCLUSION AND ORDER

EHI has failed to demonstrate that the convenience of the parties and witnesses, and the interest of justice, favor transfer of this case to the Northern District of Ohio. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Transfer Venue [Doc. # 17] is **DENIED**. It is further

**ORDERED** that counsel shall appear before the Court in **Courtroom 9F, 515 Rusk, Houston, Texas, at 1:00 p.m. on July 24, 2015**, for a status and scheduling conference.

SIGNED this 7th day of **July, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE